Case 2:12-cr-00429 Document 74 Filed in TXSD on 06/17/16 Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
June 17, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UBALDO RAMIREZ | § |
| | § |
| | § CIVIL ACTION NO. 2:13-CV-394 |
| VS. | § |
| | § CRIM. ACTION NO. 2:12-CR-429-1 |
| UNITED STATES OF AMERICA | § |

## ORDER

Pending before the Court is Movant's "Motion Request for Legal Assistance."[1] (Docket Nos. 34-35.) In his motion, Movant requests the appointment of counsel "to help [him] understand what's going on" and because he is "over [his] head in understanding what to do from here." (Docket No. 34, at 1.) Among his reasons for requesting appointed counsel, Movant states that he is "in a [23-hour] lockdown program at USP Lewisburg and [does not] have the proper access to the law library." (*Id.*)

Movant was represented by appointed counsel during his criminal proceedings before the District Court. After sentencing, Movant did not pursue a direct appeal; instead, he opted to file the pending § 2255 motion to vacate. After a defendant has been convicted and exhausted his appeals or waived the right to appeal, "we are entitled to presume that [the defendant] stands fairly and finally convicted." *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (quoting *United States v. Frady*, 456 U.S. 152, 164 (1982)). Consistent with this, there is no Sixth Amendment right to counsel on collateral review. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."); *United States v. Vasquez*, 7 F.3d 81, 83 (5th Cir. 1993) (same).

---

[1] The two motions requesting legal assistance were filed two days apart and are identical in substance.

Nonetheless, 18 U.S.C. § 3006A(a)(2)(B) authorizes courts to appoint counsel in § 2255 cases if it is in the interests of justice to do so, and counsel must be appointed if an evidentiary hearing is necessary.  Rule 8(c), RULES GOVERNING SECTION 2255 PROCEEDINGS.

After considering Movant's pleadings and papers filed in this § 2255 action, together with the record of his criminal case, the undersigned finds that the interests of justice do not suggest that appointment of counsel is necessary or appropriate in this case.  To begin with, a party's "clear presentation of his claims and the applicable law to the district court show[ ] that the interests of justice [do] not require the appointment of counsel" in a § 2255 proceeding.  *United States v. Watkins*, 510 F. App'x 325, 326 (5th Cir. 2013).

Here, Movant filed his initial § 2255 motion covering two grounds that he feels entitle him to relief, including a memorandum of law that sets out the applicable law that is relevant to his claims.  (Docket Nos. 1, 2.)  In addition, Movant has filed a response to the Government's motion to dismiss, as well as two motions to supplement his initial § 2255 motion.  (Docket Nos. 25, 27, 28.)  Notably, Movant's motions to supplement include the applicable law to his new claims.  Here, as in *Watkins*, Movant has clearly presented his claims and the applicable law to the Court.[2]

Accordingly, it is hereby **ORDERED** that Movant's motions requesting legal assistance (Docket Nos. 34, 35) are **DENIED** without prejudice.

Because notices will only be sent to the address on file, Movant is obligated to keep the Clerk advised in writing of his current address and to file promptly a change of address when

---

[2] The undersigned expresses no opinion on the merits of Movant's claims at this time.  If the Court later finds that the interests of justice and due process so require, then it will appoint counsel *sua sponte* to represent Movant in the future.  *See* Rules Governing Section 2255 Cases 6(a) and 8(c).

necessary.  <u>Failure to do so may be interpreted as failure to prosecute and may result in the dismissal of this case</u>.

The Clerk shall send a copy of this Order to Movant and counsel for Respondent.

DONE at McAllen, Texas on June 17, 2016.

*[signature]*
Peter E. Ormsby
United States Magistrate Judge